UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, etc.,

        Plaintiff,

vs.                                                  Case No.  3:04-cv-1135-J-32MCR

FIREMANS FUND INSURANCE COMPANY,
et. al.,

        Defendants.
_____/

# O R D E R

    **THIS CAUSE** is before the Court on Counsel for Defendants' Motion to Withdraw

(Doc. 21) filed May 6, 2005.  Plaintiff filed an objection to this Motion (Doc. 22) on May

9, 2005 and the Court ordered counsel for Defendants to either file a written response to

Plaintiff's objection or produce the discovery requested by Plaintiff.  (Doc. 23).  Counsel

for Defendants filed a notice indicating that Defendants would make the documents

requested by Plaintiff available for inspection and copying.  (Doc. 24).  Plaintiff filed a

response on June 1, 2005 (Doc. 28) asking that counsel for Defendant, Bob Mathews

Construction Co., Inc. ("Mathews") be required to provide the home addresses and

telephone numbers for several former employees of Mathews and be required to copy

and mail documents rather than simply provide access to documents for Plaintiff to

copy.  (Doc. 28).  Additionally, Plaintiff asks that Mathews be required to obtain

-1-

replacement counsel or provide an address where pleadings and other papers can be served before its counsel is permitted to withdraw.

The Court has reviewed the correspondence from counsel for Mathews attached to the Plaintiff's response (Doc. 28, Ex. C).  It appears counsel for Mathews agreed back in February 2005 to copy and bates label documents to be produced to Plaintiff and asked counsel for Plaintiff to do the same.  (Doc. 28, Ex. C).  Counsel for Defendant now seeks to simply make documents available to counsel for Plaintiff to copy.  Although the Court expects attorneys to adhere to agreements made with opposing counsel, it will allow counsel for Defendant to produce documents responsive to Plaintiff's request for production of documents by producing the documents as they are maintained in the usual course of business so long as counsel for Defendant provides an explanation to opposing counsel regarding the general scheme of record-keeping and provides reasonable assistance to counsel for Plaintiff for making the copies.  Plaintiff will pay the expenses of the copying.

The parties are ordered to meet and confer no later than **Friday, June 10, 2005** to establish a date for the inspection and copying to occur.  This inspection/copying shall occur no later than **Friday, June 17, 2005**.  Thereafter, on or before **Tuesday, June 21, 2005**, the parties are directed to file a joint notice informing the Court that the inspection/copying has been completed.  At that time, the Court will enter an Order permitting counsel for Defendants to withdraw.

-2-

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __8th__ day of

June, 2005.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record